1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RONNIE MANUEL ARELLANO,

11           Plaintiff,                No. CIV S-07-2217 WBS DAD P

12      vs.

13   CALIFORNIA STATE PRISON
     SACRAMENTO, et al.,
14
             Defendants.              ORDER
15
     _____/
16

17          Plaintiff, a prisoner proceeding pro se, has filed a civil rights action and seeks

18   leave to proceed in forma pauperis in a civil rights action.  See  42 U.S.C. § 1983; 28 U.S.C.

19   § 1915.

20          Plaintiff's in forma pauperis application is incomplete because the certificate

21   portion of the application was not completed by the authorized officer for the institution where

22   plaintiff is incarcerated and the trust account statement was not a certified copy.  See 28 U.S.C.

23   § 1915(a)(2).  Plaintiff will be granted thirty days to submit a new application and a certified

24   copy of his prison trust account statement for the relevant six-month period.

25          The court is required to screen complaints brought by prisoners seeking relief

26   against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

                                      1

§ 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A claim should be dismissed for failure to state a claim upon which relief may be granted only if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Here, plaintiff alleges that after he became unconscious because of hypoglycemia and while he was being transported on a gurney to the treatment center, unspecified defendants deliberately dropped him from the gurney causing plaintiff to suffer injuries to his head and back. It appears that plaintiff may be attempting to claim that excessive force was used against him by the defendants and that he has received inadequate medical care.  However, plaintiff has not provided sufficient factual allegations to support such claims.  Nor has plaintiff named specific

1  defendants with respect to each of his apparent claims.  Therefore, the court will dismiss the

2  complaint and grant plaintiff leave to file an amended complaint.

3          Plaintiff is advised that the unnecessary and wanton infliction of pain constitutes

4  cruel and unusual punishment under the Eighth Amendment.  See Whitley v. Albers, 475 U.S.

5  312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97,

6  105-06 (1976).  In order to prevail on a claim of cruel and unusual punishment, plaintiff must

7  satisfy a two-part test containing an objective prong and a subjective prong.  First, plaintiff must

8  allege facts showing that, objectively, he suffered a sufficiently serious deprivation.  See Wilson

9  v. Seiter, 501 U.S. 294, 298 (1991).  Second, plaintiff must allege facts satisfying a subjective

10 inquiry into whether each prison official had a culpable state of mind in causing or allowing

11 plaintiff's deprivation to occur.  See id. at 299.  Alleging mere negligence on the part of a

12 defendant is insufficient.  See id.

13         "[W]henever prison officials stand accused of using excessive physical force . . . ,

14 the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or

15 restore discipline, or maliciously and sadistically to cause harm."  Hudson v. McMillian, 503

16 U.S. 1, 6-7.  See also Whitley v. Albers, 475 U.S. 312, 320-22 (1986).  The appropriateness of

17 the use of force must be determined by the facts and circumstances of each case.  See

18 Michenfelder v. Sumner, 860 F.2d 328, 336 (9th Cir. 1988).

19         With respect to his claim of inadequate medical care, plaintiff is advised of the

20 following legal standard:

21         Under 42 U.S.C. § 1983, to maintain an Eighth Amendment claim
           based on prison medical treatment, an inmate must show
22         "deliberate indifference to serious medical needs."  Estelle v.
           Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).
23         In the Ninth Circuit, the test for deliberate indifference consists of
           two parts.  McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991),
24         overruled on other grounds by WMX Techs., Inc. v. Miller, 104
           F.3d 1133 (9th Cir. 1997) (en banc).  First, the plaintiff must show
25         a "serious medical need" by demonstrating that "failure to treat a
           prisoner's condition could result in further significant injury or the
26         'unnecessary and wanton infliction of pain.'"  Id. at 1059 (citing

3

Estelle, 429 U.S. at 104, 97 S. Ct. 285).  Second, the plaintiff must
show the defendant's response to the need was deliberately
indifferent.  Id. at 1060.  This second prong - defendant's response
to the need was deliberately indifferent - is satisfied by showing (a)
a purposeful act or failure to respond to a prisoner's pain or
possible medical need and (b) harm caused by the indifference.  Id.
Indifference "may appear when prison officials deny, delay, or
intentionally interfere with medical treatment, or it may be shown
by the way in which prison physicians provide medical care."  Id.
at 1059 (quoting Hutchinson v. United States, 838 F.2d 390, 392
(9th Cir. 1988).  Yet, an "inadvertent [or negligent] failure to
provide adequate medical care" alone does not state a claim under
§ 1983.  Id. (citing Estelle, 429 U.S. at 105, 97 S. Ct. 285).  A
prisoner need not show his harm was substantial; however, such
would provide additional support for the inmate's claim that the
defendant was deliberately indifferent to his needs.  Id. at 1060.  If
the harm is an "isolated exception" to the defendant's "overall
treatment of the prisoner [it] ordinarily militates against a finding
of deliberate indifference."  Id. (citations omitted).

Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  Pursuant to these legal standards, plaintiff

must explain in his amended complaint what medical care he did not receive and how he was

harmed, as well as, how each named defendant for this claim was deliberately indifferent about

his medical care.

The amended complaint must allege in specific terms how each named defendant

was involved in the deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C.

§ 1983 unless there is some affirmative link or connection between a defendant's actions and the

claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167

(9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory

allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is informed that the court cannot refer to a prior pleading in order to

make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

complaint be complete in itself without reference to any prior pleading.  This is because, as a

general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

4

1  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

2  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

3          Plaintiff has requested the appointment of counsel.  The United States Supreme

4  Court has ruled that district courts lack authority to require counsel to represent indigent

5  prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In

6  certain exceptional circumstances, the district court may request the voluntary assistance of

7  counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.

8  1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

9          The test for exceptional circumstances requires the court to evaluate the plaintiff's

10  likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

11  light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

12  1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances

13  common to most prisoners, such as lack of legal education and limited law library access, do not

14  establish exceptional circumstances that would warrant a request for voluntary assistance of

15  counsel.  In the present case, the court does not find the required exceptional circumstances.

16          In accordance with the above, IT IS HEREBY ORDERED that:

17          1.  Within thirty days from the date of this order, plaintiff shall file a new

18  application requesting leave to proceed in forma pauperis and a certified copy of plaintiff's

19  prison trust account statement for the six-month period immediately preceding the filing of the

20  complaint in this action.

21          2.  The complaint, filed on October 18, 2007, is dismissed.

22          3.  Plaintiff is granted thirty days from the date of service of this order to file an

23  amended complaint that complies with the requirements of the Civil Rights Act, the Federal

24  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

25  docket number assigned to this case and must be labeled "Amended Complaint"; plaintiff shall

26  use the form complaint provided by the court.

1       4.  Plaintiff's October 18, 2007 request for the appointment of counsel is denied.

2       5.  The Clerk of the Court is directed to provide plaintiff with a new application

3 for requesting leave to proceed in forma pauperis by a state prisoner and the court's form

4 complaint for a § 1983 action.

5       6.  Plaintiff's failure to comply with this order will result in a recommendation

6 that this action be dismissed without prejudice.

7 DATED: November 5, 2007.

8

9                   *Dale A. Drozd*

10                   DALE A. DROZD
                  UNITED STATES MAGISTRATE JUDGE

11 DAD:cm/4
arel2217.3c+n

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26