IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONNIE MANUEL ARELLANO,

    Plaintiff,                                      No. CIV S-07-2217 WBS DAD P

    vs.

CALIFORNIA STATE PRISON
SACRAMENTO, et al.,                                ORDER

    Defendants.

         Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has filed an amended complaint and an application requesting leave to proceed in forma pauperis.

         The in forma pauperis application makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

         Plaintiff's amended complaint continues to be deficient. In the court's order, filed November 5, 2007, plaintiff was advised that the court was required to screen complaints brought by prisoners seeking relief against an officer or employee of a governmental entity. Plaintiff was also informed that in his original complaint, he failed to provide sufficient factual allegations in support of his apparent excessive force or medical care claims. Plaintiff was advised to identify

1

the specific defendants that were involved with respect to each of his claims and was directed that it was necessary to set forth factual allegations demonstrating an affirmative link between a defendant's alleged actions and the claimed constitutional violation.  Lastly, plaintiff was provided the legal standards applicable to Eighth Amendment claims alleging excessive use of force and inadequate medical care.

In his amended complaint, plaintiff alleges that on March 3, 2007, he was taken to the medical center after he became unconscious from hypoglycemia.  Once at the medical center, unnamed staff allegedly dropped plaintiff on his head to determine if he was "faking."  (Am. Compl., Attach. at 1.)  Plaintiff claims that such actions constituted an excessive use of force.[1] Plaintiff has named seven defendants; however, he has not provided sufficient allegations with respect to the involvement of any of those defendants in the excessive use of force alleged. Rather, plaintiff has provided factual allegations relating to only two of those defendants and even those allegations, if proven, fail to demonstrate that the two defendants in question acted with the required culpable state of mind.  In this regard, as to correctional officer Mahon, plaintiff alleges that the defendant "told me exactly what happend [sic]."  (Id.)  As to correctional officer Garland, plaintiff alleges only that the defendant "came into the ER room asking 'was he faking?'"  (Id.)  The amended complaint contains no factual allegations concerning defendants sergeant Jones, correctional officer McCord, correctional officer Brown, or sergeant Konrad, who is identified by plaintiff as a witness.

Plaintiff has also named Warden Walker as a defendant.  Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441

---

[1] It is not clear whether plaintiff is also claiming that he received inadequate medical care for his hypoglycemia.

(9th Cir. 1978). Here, plaintiff fails to provide any allegations with respect to any actions taken by defendant Warden Walker. In light of plaintiff's failure to provide allegations demonstrating the involvement of each of the named defendants in the alleged constitutional violations and his failure to provide sufficient allegations concerning his excessive force claim, the amended complaint will be dismissed and plaintiff will be provided a final opportunity to amend so as to cure the noted defects.

Plaintiff is again advised that he must provide specific allegations concerning the actions of each of the named defendants in the alleged constitutional violations. Also, plaintiff is advised that he must provide factual allegations that demonstrate how each defendant was involved in the alleged excessive use of force and that each defendant acted with the intent to cause plaintiff harm. Plaintiff must do more than echo the legal standards by merely asserting in conclusory fashion that the defendants acted "maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).

On November 19, 2007, plaintiff filed a second request for the appointment of counsel. For the reasons set forth in the court's November 5, 2007 order, the request will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's November 19, 2007 application requesting leave to proceed in forma pauperis (Doc. No. 9), is granted;

2. The amended complaint (Doc. No. 7), filed on November 19, 2007, is dismissed;

3. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint"; plaintiff must use the form complaint provided by the court; plaintiff's failure to file

a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice; and

      3.  Plaintiff's November 19, 2007 request for the appointment of counsel (Doc. No. 8), is denied.

DATED: October 8, 2008.

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
are2217.amd