IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONNIE MANUEL ARELLANO,

    Plaintiff,                     No. CIV S-07-2217 WBS DAD P

    vs.

CALIFORNIA STATE PRISON
SACRAMENTO, et al.,

    Defendants.               ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. On November 19, 2008, the court filed finding and recommendations recommending that this action be dismissed due to plaintiff's failure to file a second amended complaint. On November 26, 2008, plaintiff filed his second amended complaint. In the interest of justice, the court will vacate the findings and recommendations.

        Upon review of the second amended complaint, the court finds that it remains defective. It is not clear from his second amended complaint what relief plaintiff seeks. In that form complaint, plaintiff indicates that he is seeking only injunctive relief; however, in a declaration attached to the second amended complaint, plaintiff states that he is demanding $10,000 in damages for pain and suffering. In addition, plaintiff names Sergeant Jones,

1

correctional officer Brown, correctional officer McCord, and correctional officer Garland as defendants in his form complaint; however, in an attachment to the second amended complaint, plaintiff also names correctional officer Mahan.  In the court's order, filed on November 5, 2007, plaintiff was provided the legal standards governing a medical care claim and was advised that he needed to provide allegations concerning the conduct of each of the named defendants.  Plaintiff has failed to provide sufficient factual allegations.  Therefore, the court will dismiss the second amended complaint and grant plaintiff with a final opportunity to amend his complaint.

      Plaintiff must demonstrate how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The third amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

      Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's third amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a third amended complaint, the prior pleadings no longer serves any function in the case.  Therefore, in his third amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  Plaintiff should also refer to the court's orders filed on November 5, 2007 and October 9, 2008, which provide the legal standards governing a claim of inadequate medical care for civil rights actions in general.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The findings and recommendations, filed on November 19, 2008, are vacated;

2. Plaintiff's second amended complaint (Docket No. 13), filed on November 26, 2008, is dismissed;

3. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must bear the docket number assigned to this case and must be labeled "Third Amended Complaint"; plaintiff must use the form complaint provided by the court and answer each question in the form; failure to file a third amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice; and

4. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a § 1983 action.

DATED: December 10, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
are2217.3amd